FILED & ENTERED

OCT 16 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re:<br><br>Kevan Harry Gilman,<br><br><br><br>Debtor. | Case No.: 1:11-bk-11603-VK<br><br>CHAPTER 7<br><br>**MEMORANDUM OF DECISION REGARDING CREDITORS' "EX PARTE APPLICATION" FOR STAY PENDING APPEAL [DOC. 525]**<br><br>[No Hearing Required] |
|---|---|

## I. BACKGROUND

On February 7, 2011, Kevan Harry Gilman filed a voluntary chapter 7 petition. On May 24, 2016, Tammy R. Phillips and Tammy R. Phillips, a Prof. Law Corp. ("Creditors"), filed a motion for sanctions against Debtor pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9011 (the "FRBP 9011 Motion") [doc. 457]. Debtor opposed the FRBP 9011 Motion [doc. 465] and requested sanctions against Creditors pursuant to FRBP 9011(c)(1)(A).

On August 17, 2016, the Court denied the FRBP 9011 Motion and took Debtor's request for sanctions against Creditors under submission [doc. 494]. On March 29, 2017, the Court entered an order awarding Debtor attorneys' fees and costs in the amount of $2,000 pursuant to

FRBP 9011(c)(1)(A) (the "FRBP 9011 Order") [doc. 516].  On April 25, 2017, Creditors filed the *Ex Parte Application for Stay of Order of March 29, 2017* (the "Application") [doc. 525].  In the Application, Creditors request a stay of the FRBP 9011 Order based on Creditors' right to a setoff.  Creditors also assert that they are likely to succeed on their appeal of the FRBP 9011 Order because, according to Creditors, the FRBP 9011 Order violates 11 U.S.C. § 329.

## II. ANALYSIS

Pursuant to FRBP 8007(a)(1)(A), "[o]rdinarily, a party must move first in the bankruptcy court for…a stay of judgement, order, or decree of the bankruptcy court pending appeal."

"A court has considerable discretion when determining whether to issue a stay pending appeal." *In re GGW Brands, LLC*, 2013 WL 6906375, at *10 (Bankr. C.D. Cal Nov. 15, 2013) (citing *Nken v. Holder*, 556 U.S. 418, 433-34, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009)). "Although the decision whether to stay proceedings is dependent on the circumstances of the particular case, '[a] discretionary stay should be sparingly employed and reserved for the exceptional situation.'" *GGW Brands*, at * 10 (citing *In re O'Kelley*, 2010 WL 3984666, at *4 (D. Haw. 2010)).  The party requesting a stay bears the burden of "showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34.  The court considers four factors when determining whether to issue a stay pending appeal:

1. Whether the stay applicant has a made a strong showing that he is likely to succeed on the merits
2. Whether the applicant will be irreparably harmed
3. Whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
4. Where the public interest lies

*Id*., at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also In re N. Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008)

The four factors may be weighed in a sliding scale, "where a stronger showing of one element may offset a weaker showing of another" *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### *A. Likelihood of Success on the Merits*

Here, Creditors have not demonstrated that they are likely to succeed on the merits. Creditors' assertion that a sanctions order awarding fees to Debtor violates 11 U.S.C. § 329 is not supported by any authority. The collection of an award of attorneys' fees pursuant to FRBP 9011 is not conditioned on providing disclosures under 11 U.S.C. § 329, and the Court did not condition its award of attorneys' fees on any such requirement.

Creditors also assert that the Court cannot award Debtor attorneys' fees because Debtor's counsel has represented Wells Fargo Bank, N.A. ("Wells Fargo"), which is a creditor of this estate, and Debtor. Debtor's counsel did not represent Wells Fargo in connection with this case. The Court has previously ruled that, if Wells Fargo provided informed, written consent to Debtor's counsel's representation of Debtor, the issue would be resolved [Adversary Docket, doc. 448]. On April 30, 2015, Wells Fargo provided their informed, written consent, waiving any conflicts of interest [Adversary Docket, doc. 423]. As such, this issue was resolved long before Creditors' current assertion that there is a conflict of interest.

Finally, Creditors argue that they are entitled to setoff pursuant to 11 U.S.C. § 553(a), which provides that "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor *that arose before the commencement of the case* under this title against a claim of such creditor against the debtor that arose before the commencement of the case…" (emphasis added). "Under section 553(a), each debt or claim sought to be offset must have arisen prior to filing of the bankruptcy petition." *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398 (9th Cir. 1996). "In order for countervailing debts to be mutual, they must be in the same right and between the same parties, standing in the same capacity." *Id.*, at 1398-99 (internal quotations omitted). "A pre-petition debt does not have the same rights for purposes of setoff as a post-petition debt." *In re Cty. of Orange*, 183 B.R. 609, 616 (Bankr. C.D. Cal. 1995). The provisions of 11 U.S.C. § 553(a) are "strictly construed." *Newbery Corp.*, 95 F.3d at 1399.

First, Creditors cite to California cases on setoff instead of controlling federal authority. Under the authorities above, Creditors cannot offset their postpetition obligation against the

prepetition debt owed to Creditors. Here, the FRBP 9011 Order was entered postpetition. Creditors state that, because the Court denied Debtor's discharge, Creditors may offset their postpetition obligation to Debtor against Debtor's prepetition debt owed to Creditors. Creditors sole authority for this proposition is 11 U.S.C. § 553(a), which does not provide any such exception to the general rule that § 553(a) applies to debts "that arose before the commencement of the case." 11 U.S.C. § 553(a).

Nevertheless, even if Creditors otherwise could offset their postpetition obligation against Debtor's prepetition obligation, the Court will not apply setoff to the sanctions award against Creditors. Were the Court to do so, such setoff rights would, in effect, provide Creditors with immunity from FRBP 9011. In essence, Creditors are asserting that they can continue to file frivolous motions and claim setoff for sanctions up to the amount of approximately $700,000, which amount Creditors contend that they are owed. Declaration of Charles Q. Jakob, ¶ 4. This would minimize, if not eliminate, the intended deterrent effect of sanctions.

Creditors' arguments undermine the purpose of FRBP 9011. As noted by the Ninth Circuit Court of Appeals with respect to Federal Rule of Civil Procedure ("FRCP") 11, which is the counterpart to FRBP 9011, FRCP 11 "provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party." *U.S. ex rel. Leno v. Summit Const. Co.*, 892 F.2d 788, 791 n.4 (9th Cir. 1989) (internal quotation omitted); *see also In re Quinones*, 543 B.R. 638, 648 (Bankr. N.D. Cal. 2015) (holding that FRCP 11 is a "powerful tool for deterrence of abusive litigation practice" and may not be used to shift fees). In light of the fact that FRBP 9011 is intended to deter improper litigation conduct, allowing Creditors to use setoff as a shield from the Court's oversight of counsel's conduct is inappropriate.

Based on the foregoing, Creditors have not demonstrated that they are likely to succeed on an appeal of the FRBP 9011 Order.

### B. Whether Creditors Will Be Irreparably Harmed

Creditors have also not demonstrated that they will be irreparably harmed by a denial of the Application. In the Application, Creditors assert that they will be irreparably harmed if they

comply with the FRBP 9011 Order because: (A) Debtor has a "long record of secreting and dissipating assets;" (B) Debtor has announced he is insolvent; and (C) Creditors' attorney's reputation will be irreparably harmed.  First, other than Debtor's use of estate funds within two of Debtor's scheduled accounts, Creditors have not provided evidence of a "long record" of dissipation of assets.  In addition, Debtor's past use of funds is not necessarily indicative of how Debtor will act in the future.

As to insolvency, Creditors point to Debtor's assertion before the State Bar of California that Debtor was insolvent.  However, the action before the State Bar of California was pending between 2014 and 2015, when the State Bar Court issued its decision.  Creditors have not provided evidence that Debtor is currently insolvent.   Through this bankruptcy case, the Court has a snapshot of Debtor's financial condition as of the petition date, which was over six years ago.  The Court does not have evidence of Debtor's current or projected state of financial affairs.

With respect to Creditors' last assertion, if counsel is concerned about the effect of sanctions orders on his reputation, counsel should apply extra scrutiny to his filings and refrain from submitting frivolous papers to the Court.

### C. Substantial Injury to Other Interested Parties

Debtor and Debtor's counsel will be substantially injured if the Court issues a stay of the FRBP 9011 Order.  Although responding to FRBP 9011 Motion was not necessarily substantially injurious to Debtor, staying the FRBP 9011 Order would encourage Creditors' counsel to disregard the strictures of FRBP 9011 and continue to file frivolous motions.  Creditors' counsel's deleterious conduct has and will continue to injure Debtor substantially.

### D. The Public Interest

The public interest also warrants denial of the Application.  Creditors first assert that the FRBP 9011 Order chills Creditors' First Amendment rights.  Creditors appear to argue that sanctions under FRBP 9011 violate the First Amendment right to petition.  This argument has been rejected by the Supreme Court of the United States. *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed. 2d 277 (1983) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless

litigation is not immunized by the First Amendment right to petition.") (internal citations omitted); *see also In re Itel Securities Litigation*, 791 F.2d 672, 676 (9th Cir. 1986) (finding that the petitioner's argument that the First Amendment guarantees the right of any citizen to present any petition without penalty is "frivolous").

Creditors cite to *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988), for the notion that courts must exercise judicial restraint in awarding sanctions under FRCP 11. In *Operating Engineers*, the Ninth Circuit Court of Appeals cautioned against construing FRCP 11 (an analog to FRBP 9011) in such a way as to chill effective representation of a client. *Operating Engineers*, 859 F.2d at 1344. The Court of Appeals noted that attorneys sometimes must "attempt to read a case or an agreement in an innovative *though sensible* way." *Id.* (emphasis added).

As noted in the FBRP 9011 Order, Creditors were aware of the binding authority which contradicted their position prior to filing the FRBP 9011 Motion. FRBP 9011 Order, 4:5-10. The sole argument Creditors provided to convince the Court not to follow that binding authority was that the authority analyzed FRCP 11. After noting that FRCP 11 precedents apply to interpretations of FRBP 9011, *In re Kayne*, 453 B.R. 372, 381 (B.A.P. 9th Cir. 2011), the Court found that Creditors themselves had previously used cases interpreting FRCP 11 in their motions for sanctions under FRBP 9011. FRBP 9011 Order, 4:11-20. In fact, Creditors continue to use cases analyzing FRCP 11, as demonstrated by their citation to *Operating Engineers*. As a result, Creditors' arguments were not "sensible."

Creditors also assert that the public has an interest in respecting setoff rights under 11 U.S.C. § 553(a) and in disallowing fees if an attorney has failed to comply with 11 U.S.C. § 329. As noted above, under 11 U.S.C. § 553(a), Creditors are not entitled to setoff here because the debt owed to Debtor through the FRBP 9011 Order arose postpetition. In addition, for the reasons stated above, Creditors may not use setoff to avoid paying sanctions awarded under FRBP 9011. As to Creditors' argument under 11 U.S.C. § 329, Creditors have not provided any authority that an attorney must comply with 11 U.S.C. § 329 to be entitled to payment of an

award of sanctions.  Because these arguments are contrary to the law, Creditors cannot rely on these statutes to make an argument regarding the public interest.

The public does have an interest in reducing the flow of frivolous motions.  Such motions deplete valuable judicial time and resources that could be spent on legitimate litigation.  Consequently, the Court finds that the public interest lies in denying the Application.

### III. CONCLUSION

Having reviewed the FRBP 9011 Motion, the FRBP 9011 Order and the Application and good cause appearing, the Court will deny the Application.  The Court will prepare an order conforming to this Memorandum of Decision.

###

Date: October 16, 2017

Victoria S. Kaufman
United States Bankruptcy Judge