1  TODD A. FREALY (SBN 198780)
   taf@lnbyb.com
2  ANTHONY A. FRIEDMAN (SBN 201955)
   aaf@lnbyb.com
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
4  Los Angeles, CA 90067
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244
6
7  Attorneys for Amy L. Goldman, Chapter 7 Trustee

FILED & ENTERED

JUL 20 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparia  DEPUTY CLERK

8

9                    UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                   SAN FERNANDO VALLEY DIVISION

12

13  **In re**                              | **Case No.: 1:11-bk-11603-VK**

14  **KEVAN HARRY GILMAN,**                 | **Chapter 7**

15                    **Debtor.**           | **ORDER AUTHORIZING TRUSTEE TO
16                                          | ABANDON PERSONAL PROPERTY**

17                                          | **[Alleged Malpractice Claim]**

18                                          | **Hearing Date – VIA ZOOMGOV ONLY**
                                            | **Date:    July 15, 2021**
19                                          | **Time:    1:30 p.m.**
                                            | **Place:   Courtroom 301**
20                                          |         **21041 Burbank Blvd.**
                                            |     **Woodland Hills, California 91367**
21
22                                          | **ZOOMGOV INFORMATION**
                                            | **Video/audio web address:**
23                                          | **https://cacb.zoomgov.com/j/1602871826**
                                            | **Meeting ID: 160 287 1826**
24                                          | **Password: 083780**
                                            | **Telephone conference lines: 1-669-254-**
25                                          | **5252 OR 1-646-828-7666**

26

27

28

1    A hearing was held on July 15, 2021, at 1:30 p.m. before the Honorable Victoria S.

2    Kaufman, United States Bankruptcy Judge, in Courtroom 301 of the United States Bankruptcy

3    Court, located at 21041 Burbank Blvd., Woodland Hills, California 91367, via ZoomGov, to

4    consider the Chapter 7 Trustee's Notice of Intention to Abandon Personal Property [Alleged

5    Malpractice Claim] (the "Notice to Abandon") [Docket No. 795], which was filed by Amy L.

6    Goldman, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Kevan Harry Gilman (the

7    "Debtor"). Anthony A. Friedman of Levene, Neale, Bender, Yoo & Brill L.L.P. appeared on

8    behalf of the Trustee. Charles Q. Jakob appeared on behalf of Tammy Phillips and Tammy

9    Phillips, a Professional Law Corp. (collectively, "Creditors"). All other appearances, as

10    applicable, are set forth on the record of the Court.

11    The Court, having considered the Notice to Abandon [Docket No. 795], Creditors' *ex*

12    *parte* application for an extension of the deadline to respond to the Notice to Abandon (the "Ex

13    Parte Application") [Docket No. 797], the Declaration in Opposition to Notice to Abandon Mis-

14    stated Malpractice Claim filed by Creditors [Docket No. 798], the Objection to Abandonment

15    Concerning Malpractice Claims and Request for Hearing (the "Opposition") filed by Creditors

16    [Docket No. 799], the Notice of Hearing on the Notice to Abandon [Docket No. 803], the

17    Supplemental Notice Of Hearing to Be Held Remotely Using ZoomGov Audio And Video

18    [Docket No. 804], this Court's Order granting the Ex Parte Application [Docket No. 807], and the

19    Trustee's reply to the Opposition (the "Reply") [Docket No. 812]; the Court having issued a

20    tentative ruling prior to the hearing, a true and correct copy of which is attached as **Exhibit "A"**

21    and incorporated herein by reference, which tentative ruling was adopted by the Court at the

22    conclusion of the hearing; the Court having heard and considered the arguments of counsel at the

23    hearing; and good cause appearing therefor,

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

2

1     **IT IS HEREBY ORDERED THAT:**

2         1.        All of the bankruptcy estate's right, title and interest in and to the Debtor's

3    interests in all alleged malpractice claims in connection with legal representation of the Debtor as

4    set forth in the Notice to Abandon, the Opposition and the Reply are abandoned to the Debtor.

5         **IT IS SO ORDERED.**

                                        # # #
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
     Date: July 20, 2021                    Victoria S. Kaufman
24                                          United States Bankruptcy Judge

25

26

27

28
                                        3

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

___

**Thursday, July 15, 2021**                                                    **Hearing Room    301**

___

<u>1:30 PM</u>
**1:11-11603    Kevan Harry Gilman**                                                    **Chapter 7**

   **#6.00**    Chapter 7 trustee's notice of intention to abandon personal property


                Docket      795


**Tentative Ruling:**

    Overrule objection to abandonment.

    **I. BACKGROUND**

On February 7, 2011, Kevan Harry Gilman ("Debtor") filed a voluntary chapter 7
petition.  Amy L. Goldman was appointed the chapter 7 trustee (the "Trustee").

On June 21, 2011, the Trustee filed a no asset report.  From 2011 through present
day, a span of over ten years, Debtor and Tammy R. Phillips and Tammy R. Phillips,
a Prof. Law Corp. ("Creditors") engaged in extensive litigation.

On November 26, 2020, Creditors filed a motion to direct the Trustee to administer
estate assets or, in the alternative, remove the Trustee (the "Administration Motion")
[doc. 761].  On  December 10, 2020, to help the Trustee address the assertions in the
Administration Motion, the Trustee filed an application to employ counsel [doc.
765].  Upon hiring counsel, the Trustee investigated certain alleged malpractice
claims held by the estate. Declaration of Amy L. Goldman [doc. 812], ¶ 7.

On January 28, 2021, the Trustee filed a Notice of Assets [doc. 783] for the purpose
of setting a claims bar date. Goldman Declaration, ¶ 6.  The claims bar date was set
for May 3, 2021.  On May 3, 2021, Creditors filed claims against the estate in the
amounts of $1,127,907.14 and $809,974.71.

On May 13, 2021, Debtor's counsel filed a notice of Debtor's death [doc. 793].  On
the same day, the Trustee filed a notice of her intent to abandon alleged claims held
by the estate (the "Abandonment Notice") [doc. 795].  In the Abandonment Notice,
the Trustee stated that she intended to abandon Debtor's interests in an alleged

___

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, July 15, 2021**                                                        **Hearing Room       301**

---

<u>1:30 PM</u>
**CONT...       Kevan Harry Gilman**                                                        **Chapter 7**

malpractice claim in connection with prepetition legal representation of Debtor.  The
Trustee also stated that, in investigating these alleged claims, the Trustee learned that
Debtor's attorneys resolved any prepetition malpractice claim by agreeing to
represent Debtor for free (the "Representation Agreement"), and that, in any event,
the Trustee's investigation revealed that the alleged malpractice claims are time
barred.

On May 27, 2021, Creditors filed an opposition to the Abandonment Notice (the
"Opposition") [doc. 799] and a declaration by Charles Jakob, Creditors' counsel (the
"Jakob Declaration") [doc. 798].  In the Opposition and the Jakob Declaration,
Creditors allege that Debtor's counsel committed malpractice for the following
reasons: (A) counsel took an untimely appeal from a 2007 judgment entered against
Debtor; (B) in 2008, counsel appealed fee awards in favor of Creditors, which
appeals were unsuccessful because counsel did not preserve a record adequate for
review; and (C) counsel made arguments that were wrong, and, in March 2020, an
appellate court agreed with Creditors.  Creditors also argue that the Representation
Agreement was either ineffective for lack of adequate disclosure, or, if effective,
settled only one of the alleged malpractice claims.  Creditors also argue that the
alleged malpractice claim are not time barred.

On July 8, 2021, the Trustee filed a reply to the Opposition (the "Reply") [doc. 812].
In the Reply, the Trustee reiterates that the claims are time barred, and asserts that:
(A) Debtor settled the malpractice claims with his counsel; and (B) certain of the
claims did not ripen until after the petition date and, as a result, are not property of
the estate; and (C) to recover damages for malpractice, the Trustee would have to
prove that, but for the alleged acts of malpractice, Debtor would not have incurred
the damages owed to Creditors.

**II. ANALYSIS**

Pursuant to 11 U.S.C. § 554(a), "[a]fter notice and a hearing, the trustee may abandon
any property of the estate that is burdensome to the estate or that is of inconsequential
value and benefit to the estate."  To approve a request to abandon property, the court
must find that "(1) the property is burdensome to the estate or (2) of inconsequential
value and inconsequential benefit to the estate" by a preponderance of the evidence. *In
re Viet Vu*, 245 B.R. 644, 647, 650 (B.A.P. 9th Cir. 2000).

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Judge Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, July 15, 2021**                                          **Hearing Room    301**

<u>1:30 PM</u>
**CONT...      Kevan Harry Gilman**                                          **Chapter 7**

Here, the record shows that the alleged malpractice claims are burdensome to the
estate and of inconsequential value and benefit to the estate.  In their Opposition,
Creditors focus on the merits of the alleged malpractice claims.  However, Creditors
do not provide any analysis regarding the value of the alleged claims to the estate.

In fact, Creditors' own lengthy statement of the facts and legal commentary on the
several alleged claims undermine Creditors' opposition to abandonment.
Apparently, in Creditors' own view, pursuit of the alleged claims will involve several
disputed issues.  In reviewing the Opposition and the Reply, those issues include,
among other disputes: (A) whether Debtor was damaged by the alleged malpractice,
including whether Debtor would have been successful but for the alleged acts of
malpractice; (B) whether the alleged claims are time barred; (C) whether the alleged
claims are property of the estate; (C) whether the Representation Agreement resolved
some or all prepetition claims that would otherwise be property of the estate; and (D)
whether, to the extent the Representation Agreement does not preclude future
malpractice claims, Debtor's counsel's years of representation of Debtor creates a
setoff right against any damages incurred by Debtor.

Assuming the Trustee had the resources, in the estate, to engage counsel to pursue
the alleged malpractice claims *and* succeeded in establishing that malpractice took
place and caused damages to Debtor (also that those damages belong to the estate),
litigation of these issues would be burdensome to the estate. *See* 11 § 554(a)
(requiring a showing that the property is burdensome to the estate *or* of
inconsequential value and benefit).  Debtor has now died, taking with him relevant
testimony regarding, among other things, the terms of his Representation Agreement.
Moreover, this case has been pending for over ten years.  Even if the Court ignores
the evidentiary issues presented by the death of a relevant witness, expending
additional years of time to litigate the alleged malpractice claims, when such claims
may be time barred or may not be property of the estate, is burdensome to this estate.
Creditors have not made a showing to the contrary.  Consequently, the Court will
allow abandonment of the alleged malpractice claims.

**III. CONCLUSION**

The Court will allow abandonment of the alleged malpractice claims.

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Judge Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, July 15, 2021**                                    **Hearing Room    301**

<u>1:30 PM</u>
**CONT...    Kevan Harry Gilman**                                    **Chapter 7**

The Trustee must submit an order within seven (7) days.

| Party Information |
|:---:|

**Debtor(s):**

Kevan Harry Gilman                    Represented By
                                      Mark E Ellis

**Trustee(s):**

Amy L Goldman (TR)                    Represented By
                                      Anthony A Friedman